THOMAS ATKINS *v.* ARTHUR W. LAMB ET AL.

SUPERIOR COURT    LITCHFIELD COUNTY    FILE NO. 16402

Memorandum filed May 10, 1961

*John F. Bianchi,* of Canaan, for the plaintiff.

*Feeley & Elliott,* of Waterbury, for the defendants.

MACDONALD, J.    To defendants' motion for disclosure and production, consisting of twenty-four questions of the usual type concerning plaintiff's injuries, treatment, prior injuries, earnings, etc., and a request to produce medical records and income tax returns, plaintiff filed objections on the two principal grounds that (1) the motion was filed simultaneously with defendants' answer and claim for trial and therefore was filed too late because after the closing of the pleadings; and (2) that much of the information requested already was within the knowledge of defendants through various sources, including conversations of counsel, reports of investigators, etc.

With respect to the first objection, there is nowhere in the rules concerning disclosures, set forth in §§ 70-79 of the Practice Book, anything requiring motions for disclosure to be filed at any particular time prior to trial.  Indeed, the very fact that they are the subject of a separate division (9), entitled "Disclosures," preceding (10), which covers "Plead-

ings," including § 83, "Time to Plead," indicates that such motions are not included in the timetable of pleading. The common practice has been to permit the filing of such motions down to time of pretrial and, indeed, frequently, down to time of actual trial. Plaintiff's first ground of objection is not well founded.

With respect to the second ground, it may well be that defendants already have much of the information requested—from telephone conversations, reports of investigators, oral statements by plaintiff's attorney and other informal sources. However, they are entitled to have this information in writing, and in one clear and concise document over the signature of plaintiff's counsel, so that at pretrial the information will be readily available in incontrovertible form and so that any inconsistencies appearing at time of trial can be readily challenged. One of the purposes of a motion for disclosure is to bring about the formal exchange of information of the type covered in this motion prior to actual trial.

Except as to the objection set forth in paragraph 4, which is sustained without dispute, since defendants readily admit that § C of their motion, pertaining to automobile damage, was erroneously included, plaintiff's objections to defendants' motion for disclosure are overruled.